**Gary KINSLOW, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 16, 1983.

Discretionary Review Denied
Dec. 15, 1983.

Nicholas N. Brown, Bowling Green, for appellant.

William Ward Allen, Jr., Michael Edward Caudill, Sp. Asst. Attys. Gen., Bowling Green, for appellee.

Before HAYES, C.J., and GUDGEL and McDONALD, JJ.

HAYES, Chief Judge:

This is a criminal case in which the defendant, Gary Kinslow, appeals from his conviction of operating a motor vehicle under the influence of intoxicants, operating a motor vehicle without a valid operator's license, criminal mischief in the third degree and third-degree escape. The defendant appealed his case to Warren Circuit

**678**

Court which affirmed his convictions. This Court granted discretionary review.

The parties, pursuant to CR 75.15, have submitted an agreed statement of the facts of the case. The sole issue is whether or not a road block established by the Kentucky State Police and the Warren County Sheriff's Department violated the appellant's constitutional right to be free of unreasonable searches and seizures. The purpose of the road block was to stop all traffic heading north on Old Louisville Road and determine whether any drivers were operating a motor vehicle under the influence of alcohol and/or drugs and apprehend those who were in violation of traffic statutes including operating a motor vehicle without a valid operator's license, a valid insurance sticker or a valid registration.

The appellant was stopped and asked to produce a driver's license but was unable to do so. He was thereafter asked to get out of the vehicle, and at that time the state police trooper noticed that he might be under the influence of alcohol and performed a field sobriety or agility test. At the conclusion of the test, the appellant was placed under arrest, and the convictions mentioned above resulted. The question is whether the road block was conducted in a manner not permitting the "unconstrained discretion" inherent in some road block situations and condemned in *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The key here is the fact that all vehicles were stopped. Therefore, the officers did not exercise the discretion referred to and condemned in *Delaware v. Prouse, supra.* In that case the officers used their discretion to pick which automobiles they would stop for a spot check. That amounted to too much discretion on the part of the officers and therefore was violative of the Fourth and Fourteenth Amendments to the United States Constitution.

We hold, therefore, the search was not illegal, and we affirm the decision of the Warren Circuit Court.

All concur.